## S05Y0415. IN THE MATTER OF LOURDES NEELY COLEMAN.
### (607 SE2d 556)

PER CURIAM.

This disciplinary matter is before the Court on Respondent

Lourdes Neely Coleman's Petition for Voluntary Discipline in which she seeks the imposition of a six-month suspension, with credit for a suspension which began on June 25, 2004. In her petition, Ms. Coleman admits that she violated Rules 1.15, 1.16, and 9.3, all a part of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. Although neither Ms. Coleman nor the State Bar states specifically which provision of Rule 1.15 or Rule 1.16 applies, Ms. Coleman refers to language in Rules 1.15 (I) (b) and 1.16 (d) in describing her violations in her petition and those provisions are applicable to her conduct. A violation of Rule 1.15 (I) (b) is punishable by disbarment while the maximum penalty for a violation of Rule 1.16 (d) or Rule 9.3 is a public reprimand.

In March 2000, Ms. Coleman agreed to represent a client in a Title VII proceeding against a corporation, and, in June 2003, the client terminated Ms. Coleman's services and requested the return of her file and any unused portion of the attorney's fees. She provided the client with what she believed to be a complete copy of the client's file, which did not include Ms. Coleman's work product, but she did not provide the client with an accounting. The client and her new counsel repeatedly demanded that Ms. Coleman provide the client with additional documents that the client believed were missing from the file and after she failed to provide the documents, the client filed a grievance against her in October 2003. Although Ms. Coleman acknowledged service of the Notice of Investigation issued by the State Bar, she failed to timely file a response and consequently, on June 25, 2004, this Court suspended her for failing to respond to the Notice of Investigation. In October 2004, she provided the client with another copy of the documents from her file and with an accounting showing that the client owed Ms. Coleman additional attorney's fees.

Based on the above facts, we conclude that Ms. Coleman's Petition for Voluntary Discipline should be accepted. Accordingly, Ms. Coleman is suspended for six months from the practice of law for her violations of Rules 1.15, 1.16, and 9.3, all a part of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. She shall be given credit for her interim suspension beginning June 25, 2004. She is reminded of her duties under Bar Rule 4-219 (c).

*Six-month suspension with credit given for interim suspension beginning June 25, 2004. All the Justices concur.*

DECIDED JANUARY 10, 2005.

*William P. Smith III, General Counsel State Bar, Elizabeth M.*

*Williamson, Assistant General Counsel State Bar*, for State Bar of Georgia.
    *Janise L. Miller*, for Coleman.